# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Barbara Bennett,

        Plaintiff,

    v.

GE Money,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 13-1189 ADM/TNL

_____

Barbara Bennett, pro se.

Kathryn Mrkonich Wilson, Esq., and Jodie F. Weinstein, Esq., Littler Mendelson, P.C., Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant General Electric Capital Retail Finance's (improperly named by Plaintiff as "GE Money" and referred to as "GE" herein) Second Motion to Dismiss and Compel Plaintiff to the Solutions Procedure [Docket No. 5]. Plaintiff Barbara Bennett opposes the motion. Given the history of the case, discussed below, the Court will decide the motion on the briefing. For the reasons set forth below, the motion to dismiss and compel arbitration is granted.

## II. BACKGROUND

Bennett initiated an action prior to this one in which she alleged discrimination, retaliation, and harassment by her former employer GE in violation of Title VII and federal whistleblower laws. See Am. Compl., Bennett v. GE Money, No. 12-150 ADM/TNL (D. Minn.

July 2, 2012) [Prior Action Docket No. 14].[1]  At the hearing for GE's motion to dismiss in that action, Bennett conceded she had executed arbitration agreements for the RESOLVE program and its replacement, the SOLUTIONS program.  Order, July 12, 2012 [Prior Action Docket No. 22].  The Court dismissed the action and ordered Bennett to arbitration.

Approximately one year later, Bennett filed the Complaint in this action, which includes the very same allegations stated in Bennett's previously-dismissed complaint.  Compl. [Docket No. 1].  On July 26, 2013, GE again moved to dismiss and compel arbitration, arguing Bennett ignored the Court's previous order and failed to take any action to initiate arbitration.

In her responding memorandum, Bennett argues she initiated this action because GE waived its right to arbitrate.  The SOLUTIONS program states a number of steps a claimant must accomplish as part of the dispute resolution process, including the submission of claims to the relevant "Solutions Administrator" and to the employee's manager and/or human resources manager.  See Weinstein Aff. [Docket No. 8] Ex. C ("Arbitration Agmt.") 10-12, 28-32.

After the first action was dismissed, Bennett claims she had a conversation in which she failed to reach a settlement with GE's counsel.  Pl.'s Opp'n [Docket No. 11] 2-3.  At the end of the conversation, according to Bennett, GE's counsel agreed to call back with contact information for the relevant Solutions Administrator, so that Bennett could begin arbitration.  According to Bennett, counsel never called.  Because of this failure to return a call, Bennett claims GE waived its right to arbitrate.  She also argues the SOLUTIONS program is unconscionable because it does not provide the necessary contact information in its manual.

---

[1]  This action will be cited to as the "[Prior Action Docket No. __]."

## III. DISCUSSION

Bennett's Complaint will be dismissed, and she will again be ordered to proceed with arbitration should she wish to legally resolve her claims. Bennett confirms she validly executed the agreement to arbitrate under both the RESOLVE and SOLUTIONS programs. Pl.'s Opp'n at 5. To the extent Bennett again challenges whether the SOLUTIONS program applies to her as a former GE employee, this argument is rejected. In addition to her own agreement to the program, the SOLUTIONS program terms unambiguously apply to former employees alleging the types of claims Bennett has raised. Arbitration Agmt. 4-5.

In light of her conversation with GE's counsel after the dismissal of the previous action, Bennett argues GE has waived its ability to compel arbitration. GE disputes the substance of the parties' last conversation, claiming Bennett never requested the contact information for the administrator, her former human resources manager, or anyone else. Supp. Weinstein Aff. [Docket No. 16] ¶ 5.

Bennett's waiver argument is unfounded. GE has not "acted inconsistently with its right to arbitrate," the second requirement of the three-factor test evaluating waiver. See Erdman Co. v. Phoenix Land & Acquisition, LLC, 650 F.3d 1115, 1117-18 (8th Cir. 2011). Actions inconsistent with a desire to arbitrate typically involve an invocation of "the litigation machinery" or a significant delay in asserting arbitration rights. Id. (citation omitted); Simitar Entm't, Inc. v. Silva Entm't, Inc., 44 F. Supp. 2d 986, 991 n.3 (D. Minn. 1999). Even assuming Bennett's version of events is correct, Bennett remains the purported claimant. The onus is on her, not GE, to initiate arbitration. GE has promptly moved to compel arbitration in response to both of Bennett's federal actions, and its alleged failure to return a single phone call does not

constitute waiver.

On a related note, Bennett's unconscionability argument must also fail, because Bennett never disputes her ability to obtain the Solutions Administrator's contact information. Bennett argues the SOLUTIONS program is unconscionable because its manual does not clearly provide contact information with which to initiate arbitration, and GE's failure to provide this information in its manual made arbitration inaccessible. But GE notes, and Bennett does not dispute, that Bennett could have easily contacted her former manager, or her former human resources department, to obtain this information at any time. Bennett also does not dispute that she has possessed GE's counsel's contact information for over one year.

If GE's counsel failed to call with the necessary contact information—a fact very much in dispute—Bennett had the obligation to follow up. Her failure to do so does not make the arbitration agreement unconscionable, nor does it mean GE has frustrated her efforts to arbitrate. This case does not involve a claimant who, despite her good faith efforts, could not obtain the address or fax number necessary to initiate arbitration. Instead, Bennett essentially argues she had no responsibility to even attempt to obtain this information herself. Bennett apparently waited almost a year for a phone call from counsel without taking a single action to pursue arbitration. The facts of this case do not reflect an unconscionable arbitration agreement or an employer's attempts to frustrate an employee's enforcement of rights. Nevertheless, in an effort to resolve the issue without further delay, GE shall be ordered to provide the necessary contact information. The time and manner in which arbitration begins thereafter, if at all, lies squarely with Bennett.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant's Second Motion to Dismiss and Compel Arbitration [Docket No. 5] is **GRANTED**;

2. All claims in the Complaint [Docket No. 1] are **DISMISSED WITHOUT PREJUDICE**;

3. Defendant's request for attorney's fees, expenses, and costs is **DENIED**; and

4. Within seven (7) days from the date of this Order, Defendant shall send the contact information for the relevant Solutions Administrator to Plaintiff by written correspondence.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 6, 2013.